**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 240507-U

Order filed November 15, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0507 Circuit No. 23-CF-2711 |
| LATRICE PHILLIPS, | ) ) ) | Honorable Daniel P. Guerin, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Presiding Justice McDade and Justice Albrecht concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*: Defendant failed to establish her pretrial detention was unconstitutional and forfeited her contention that the court erred when it found no conditions could mitigate the safety threat she posed. Affirmed.

¶ 2     Defendant, Latrice Phillips, appeals from her pretrial detention, arguing (1) the pretrial detention statute is unconstitutional where it amounts to continued detention without due process, (2) her continued detention without proper medical treatment is unconstitutional, and (3) the court

abused its discretion in finding that defendant posed a real and present threat that could not be mitigated by conditions. We affirm.

¶ 3                                                    I. BACKGROUND

¶ 4            On December 4, 2023, defendant was charged with first degree murder (720 ILCS 5/9-1(a)(1) (West 2022)). The State filed a verified petition to deny pretrial release, alleging defendant was charged with a detainable offense, and her release posed a real and present threat to the safety of any person, persons, or the community under section 110-6.1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1 (West 2022)).

¶ 5            The factual basis provided that on December 2, 2023, at 8:33 p.m., multiple 911 callers reported a fight, screaming, and gunshots inside a hotel. Officers responded and found the victim, Calvin Truitt, dead with two gunshot wounds in his side. An autopsy determined the gunshots were fired at a close range and caused Truitt's death. Officers spoke with Shayna Haslell who witnessed the incident. Haslell viewed hotel surveillance footage and identified defendant as the shooter. Haslell told officers she was on the elevator with a group that included defendant and Truitt. Haslell was involved in a physical altercation in the elevator with defendant and defendant's daughter, Jazmine Reed. When the elevator doors opened on the seventh floor, the altercation continued in the hallway. Haslell saw defendant raise a firearm in her hand. She saw Truitt turn his back and heard three gunshots immediately after defendant raised the gun.

¶ 6            Officers also spoke with Truitt's girlfriend, Mia Kelly. Kelly indicated they were staying at the hotel for the weekend, and she was confronted by Reed, who was an acquaintance. Kelly stated, "there was trouble in the hotel pool area," and Reed threatened to hurt her. Kelly stated her group, which included Truitt and children, entered the elevator to leave the pool area. Defendant followed the group into the elevator and argued with them. Kelly stated when the elevator reached

the seventh floor, the doors opened, and a physical altercation ensued. Kelly saw defendant raise her hand, which was holding a firearm. Kelly then heard three or four gunshots and saw Truitt was shot.

¶ 7    After Haslell identified defendant on the surveillance video, hotel staff indicated defendant was staying in room 714. Defendant was found in the room wearing clothing consistent with the surveillance camera video. A 9-millimeter pistol was recovered in a holster on defendant's waistband. Defendant had a valid concealed carry license. A cell phone recording briefly showed Truitt pulling Kelly to the ground and turning his back while three gunshots were fired. At no time between the shooting and the police arriving did defendant contact the police. Defendant was treated and released at the hospital for an injured finger but showed no other injuries. Likewise, Reed had no injuries.

¶ 8    A pretrial investigation report indicated defendant was 51 years old and was employed as a patient intake coordinator for a home health company. A pretrial risk assessment indicated she was a low risk. Defendant had a limited criminal history. She had been charged with at least five violent offenses but was only found guilty of one battery offense in 1996, for which she received court supervision. Defendant suffered from a nerve condition in her back and neck.

¶ 9    A hearing was held on December 4, 2024. The State provided the factual basis and argued defendant posed a threat to the safety of both Kelly and the community, noting Kelly and Reed "have some sort of problem with their landlord/tenant relationship, and [Kelly] was present right next to the victim when he was shot by this defendant." The State further noted this incident occurred in a crowded hotel and children were present. Defense counsel argued defendant acted in self-defense and defense of others as her family members "were all beaten by these individuals." Counsel asked that defendant be placed on electronic monitoring. The court granted the State's

3

petition, finding defendant posed a real and present threat to the safety of Kelly and the community and there were no conditions to mitigate such threat. Defendant was subsequently indicted on five counts of first degree murder.

¶ 10 A subsequent hearing was held on January 4, 2024. Defense counsel called defendant's mother who testified defendant acted in self-defense, though she did not witness the shooting. Counsel argued defendant was not a threat. The court found continued detention was necessary.

¶ 11 On July 3, 2024, defendant filed a motion for relief, in which she argued the State failed to prove she posed a danger to the community that could not be mitigated by conditions and her detention was unconstitutional where she was not receiving proper medical treatment and is not given a meaningful chance for review. A hearing was held on July 29, 2024. Pertinent to this appeal, the State indicated,

> "I was told by the jail that since that last hearing she's seen a nurse eleven times, she's had seven appointments with doctors, she went offsite at the jail for medical appointments in January, March, and May, she's had an MRI, an X-ray, and was due to go to the pain clinic last week, all out of the jail."

The court denied the motion.

¶ 12                                     II. ANALYSIS

¶ 13 On appeal, defendant contends (1) the pretrial detention statute is unconstitutional where it amounts to continued detention without due process, (2) her continued detention without proper medical treatment is unconstitutional, and (3) the court abused its discretion in finding that defendant posed a real and present threat that could not be mitigated by conditions.

¶ 14 At the outset, we note that cases should be decided on nonconstitutional grounds whenever possible, reaching constitutional issues only as a last resort. *People v. Hampton*, 225 Ill. 2d 238,

4

243 (2007). Thus, we must avoid reaching constitutional issues when a case can be decided on other, nonconstitutional grounds. *Id.* at 244.

¶ 15    Here, the crux of defendant's argument regarding the unconstitutionality of the pretrial detention statute is that the statute amounts to punishment without due process because it does not "provide[ ] a due process mechanism for continued review when new information comes to light." However, this is incorrect. The court must revisit the issue of detention at every subsequent court date. 725 ILCS 5/110-6.1(i-5) (West 2022). While, as we noted in *People v. Mulbrandon Casey*, 2024 IL App (3d) 230568, ¶ 13, at subsequent hearings the State need not prove each of the three prongs necessary for an initial hearing, the State still has the burden of proving and the court must find that "continued detention is necessary to avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or to prevent the defendant's willful flight from prosecution." 725 ILCS 5/110-6.1(i-5) (West 2022). This "necessarily entails consideration of the threat or flight risk posed by a defendant and the potential mitigation of such threat or flight risk by conditions of release." *Mulbrandon Casey*, 2024 IL App (3d) 230548, ¶ 13. Moreover, a defendant may seek to revisit the detention decision or conditions placed upon him or her at any time. See 725 ILCS 5/110-6(g) (West 2022). Because defendant's argument is based on an incorrect statutory assumption, we need not consider the constitutionality issue.

¶ 16    Further, defendant argues her continued detention without proper medical treatment is unconstitutional. However, we fail to see how defendant is not receiving proper medical treatment. At the hearing on defendant's motion for relief, the State provided,

> "I was told by the jail that since that last hearing she's seen a nurse eleven times, she's had seven appointments with doctors, she went offsite at the jail for medical

appointments in January, March, and May, she's had an MRI, an X-ray, and was due to go to the pain clinic last week, all out of the jail." Defendant has presented no evidence regarding the medical treatment she needs but has not been receiving.

¶ 17 Lastly, defendant contends the court erred in finding that she posed a threat that could not be mitigated by conditions. We consider factual findings for the manifest weight of the evidence, but the ultimate decision to grant or deny the State's petition to detain is considered for an abuse of discretion. *People v. Mikolaitis*, 2024 IL App (3d) 230791, ¶ 9. "Under either standard, we consider whether the court's determination is arbitrary or unreasonable." *Id.*

¶ 18 We note defendant failed to make any argument as to this issue in her appellate memorandum.

"All appeals begin with the presumption that the circuit court's order was correct, and the party claiming error carries the burden to establish error and that the error warrants relief. [Citation.] The appealing party cannot meet this burden by offering bare contentions against the order; the party must explain any contentions and present an argument based on matters of record and pertinent authorities. [Citations.] We have repeatedly admonished litigants that this court is not a depository into which the parties may dump the burden of argument and research. [Citations.] Accordingly, we routinely hold that the failure to develop an argument in support of a bare contention forfeits that contention, and we do not consider it further. [Citations.]" *People v. Woods*, 2024 IL App (3d) 230592, ¶ 31.

While Rule 604(h) appeals are subject to a different process, "[w]e do not believe this is a sufficient reason *** to nullify the long-standing body of law requiring an appealing party to establish error

6

warranting relief through reasoned argument, supported by references to the record and authority if available." *Id.* ¶ 32. In fact, Illinois Supreme Court Rule 604(h)(7) (eff. Apr. 15, 2024) states, "Whether made in the motion for relief alone or as supplemented by the memorandum, the form of the appellant's arguments must contain sufficient detail to enable meaningful appellate review, including the contentions of the appellant and the reasons therefore and citations of the record and any relevant authorities."

¶ 19    Here, defendant did not include any argument as to this issue in her memorandum. Moreover, the motion for relief in the trial court primarily focused on her constitutional issues and did not include sufficient detail, citations, or authorities to allow meaningful appellate review of this issue. See *id.* Therefore, we find defendant forfeited review of this issue.

¶ 20                                  III. CONCLUSION

¶ 21    For the foregoing reasons, we affirm the judgment of the circuit court of Du Page County.

¶ 22    Affirmed.